

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. J. W. Brock
County Auditor
Wilbarger County
Vernon, Texas

Dear Mr. Brock:                    Opinion No. O-7211

> Re: Did the amendments to its charter
> adopted by the City of Vernon in
> October, 1945, prevent the City
> from holding another election to
> amend its charter for a period of
> two years?

We have given careful consideration to your letter,
which reads as follows:

"Enclosed herewith you will find a printed copy
of the Charter of the City of Vernon. Attached to
the front cover of this Charter you will find a copy
of the Official Ballot used in an election to amend
said Charter. This election was held on October 16,
1945, and all propositions carried. The amendment
was filed by the Secretary of State on November 28,
1945.

"It is now desired that an election be called
for the purpose of divorcing the Vernon schools from
municipal control.

"In view of Section 5 of Article 11 of our Con-
stitution, and Article 1165 of our Statutes and the
holding of the Court in the case of State vs. City
Commission of San Angelo et al, 101 S. W. 2d 360, I
submit to you the following questions:

"(1) Do the propositions adopted at the election
on October 16, 1945, constitute an amendment to the
Charter of The City of Vernon within the meaning of
the Constitution and the Statutes:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. J. W. Brook - page 2

"If you have answered the foregoing question
in the affirmative then please answer the follow-
ing question No. (2).

"(2)   In calculating the date from which the
two year period runs, should October 16, 1945, be
considered as the starting point, or should said
starting point be November 28, 1945?

"(3)   Can the Vernon schools be divorced from
municipal control at any time before the end of
two years from the date given in your answer to
question No. (2)?

"(4)   If you have answered question No. (3) in
the affirmative, please cite the statutes and author-
ities to be followed."

It appears from the charter that the City of Vernon
has taken all necessary steps to acquire exclusive control of
its public free schools. By the amendments adopted on October
16, 1945, the City amended Article 6 of its charter to the ex-
tent that it authorized the City, as an independent school dis-
trict, to issue negotiable bonds for the erection, equipment,
repair and improvement of public free school buildings, and the
acquisition of sites therefor. The City did not have this power
before. It also amended Sections 1 and 2 of Article 7 of its
charter in very material respects.

We think the amendments to the charter adopted on
October 16, 1945, constitute such an amendment as comes with-
in the meaning of Section 5 of Article 11 of our Constitution,
and Article 1165 of our statutes, as same were construed by our
courts in the case of State v. City Commission of San Angelo,
101 S. W. (2) 360.

In calculating the date from which the two-year period
begins to run, it is our opinion that October 16, 1945, is the
correct date. The election was held on the day the amendments
were voted on by the citizens.

In reply to your question No. 3, as stated above, it
appears that the City of Vernon, under its charter, has taken
all necessary steps to acquire exclusive control of the public
free schools within its limits. This being true, the only
method by which the schools can be divorced from municipal con-
trol is by an amendment to its charter at an election held for

Mr. J. W. Brock - page 3

said purpose. Under the authorities above cited, the charter cannot again be amended prior to October 16, 1947.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Geo. W. Barcus
Assistant

GWB-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN